Jesús María Santiago, demandante y apelado, *v.* Joaquín Saúl, demandado y apelante.

No. 3945.—*Visto:* Noviembre 12, 1926. *Resuelto:* Enero 10, 1928.

1. Negligencia—Causa Próxima del Daño—Causa Eficiente—Violación de la Ley.—Cuando en un cruce de calles el conductor de un automóvil no reduce la velocidad, ni da aviso de su aproximación y choca con otro vehículo, el accidente es debido a la falta de cumplimiento del conductor del deber impuéstole por el artículo 12 (*g*) de la Ley No. 75 de 1916 (pág. 152).

2. Negligencia—Actos u Omisiones Constitutivos de Negligencia—Sustancias Peligrosas, Maquinarias y Otros Agentes *(Instrumentalities)*—Vehículos de Uso Privado.—Cuando ocurre un accidente debido sólo a la falta de cumplimiento del conductor de un automóvil del deber impuéstole por el artículo 12 de la Ley No. 75 de 1916 (pág. 152) y a consecuencia del accidente, se lesiona un pasajero que va en dicho automóvil, el conductor—dueño—es responsable.

Sentencia de *Domingo Sepúlveda,* J. (San Juan), declarando con lugar la demanda, con costas. *Confirmada.*

A. *Soto Gras,* abogado del apelante; *Carmelo Honoré,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El demandado, apelante ahora, no compareció al juicio en la corte inferior y el único motivo que alega contra la sentencia que lo condenó a pagar al apelado determinada cantidad de dinero como indemnización por daños y perjuicios es que la corte cometió error al dictar la sentencia apelada; alegación que es tan general que no permite conocer por esa especificación por qué la sentencia es errónea, aunque después el apelante en diversos apartados de su argumentación concreta cuáles son los errores que atribuye a la corte sentenciadora.

Los hechos ocurridos, según aparecen de la transcripción de la evidencia, son que denunciado el apelante por un inspector de Sanidad, que no es el apelado, y ordenado por una corte municipal que el inspector de Sanidad Jesús María Santiago hiciera una inspección ocular en una casa del apelante, éste llevó en su automóvil al mediodía al apelado y a otras personas y entrando en la calle de Loíza en Santurce continuó por ella hasta que al llegar a la intersección de esa calle con la de la terraza del Parque, en el sitio en que ésta es continuada por la Avenida de Diego, ocurrió un choque entre el automóvil del apelante Saúl, que él guiaba, y otro automóvil, como consecuencia del cual el apelado fué lanzado fuera del vehículo que lo conducía y recibió algunos golpes de consideración.

[1, 2] Declarando Jesús Santiago en el juicio dijo que Saúl llevaba su automóvil a una velocidad bastante grande: que oyó un *klaxon* y gritó a Saúl para que aguantara el automóvil, pero que como iba a velocidad bastante grande metió los frenos en medio de la carretera, se ofuscó y llegó el otro auto y lo cogió por detrás. David Barclay iba delante con Saúl en el automóvil de éste: dijo que el auto de Saúl iba a una velocidad bastante regular y que cuando salió de la calle de Loíza para coger la Avenida de Diego y

del Parque venía otro automóvil y oyó que uno de los que iban en la parte de atrás decía "Saúl, que nos mata ese carro," y en eso tropezaron los automóviles: que el de Saúl iba por el centro de la calle y que al llegar a ese cruce no tocó *klaxon* ni redujo la velocidad. Martín Rubio vió el automóvil de Saúl ya cerca de la bocacalle a bastante velocidad, caminando por el medio de ella y no oyó que tocara bocina, aunque sí oyó la de otro automóvil que iba detrás de él, al que dejó paso. Gualberto Román iba a pie por la calle de Loíza desde la parada 44 hasta la terraza del Parque, en dirección contraria a la que llevaba el automóvil de Saúl, que según él caminaba a gran velocidad, y que llegó otro automóvil a menor velocidad y lo enganchó por detrás. Matilde Grajales, el inspector de Sanidad que presentó la denuncia contra Saúl, iba en el automóvil y cuando caminaban por la calle de Loíza a velocidad un poco ligera dijo a Saúl "Allá viene un carro, acorta la velocidad," pero él no hizo caso y ocurrió el choque; que Saúl iba por el medio y no tocó *klaxon* ni bocina. Arturo Santiago era el chauffeur del otro automóvil y dijo que al salir a la bocacalle vió un automóvil que iba y para defenderse de él desvió el suyo hacia la calle del Parque, pero chocaron, y que el otro automóvil iba a mucha velocidad.

Dice la Ley No. 75 de 1916, reglamentando el uso de vehículos de motor en esta isla, en su artículo 12, que las personas que manejen vehículos de esa clase en los caminos públicos, deberán, en todo tiempo, ejercer el debido cuidado y tomar precauciones razonables para garantizar la seguridad de vidas y propiedades; disponiendo en su apartado "*g*" que al acercarse al cruce o unión de calles o caminos, o a una escuela, durante horas en que sea probable la entrada y salida de estudiantes, la velocidad deberá ser reducida, dando aviso con el aparato correspondiente.

Basta recordar los hechos que aparecen de las pruebas en este caso para llegar a la conclusión de que el apelante

no cumplió con la ley citada, pues al llegar al cruce de la calle de Loíza con la terraza del Parque y Avenida de Diego no redujo la velocidad que llevaba, no obstante las advertencias que le hicieron las personas que había en el automóvil ni dió aviso con el *klaxon* o la bocina de su aproximación a dicho sitio, a pesar de que el automóvil con que chocó dió dicho aviso, por lo que tenemos que llegar a la conclusión de que el accidente que produjo las lesiones por las cuales reclama el apelado fué debido únicamente a la falta de cumplimiento por el apelante de ese deber impuéstole por la ley para el cuidado razonable de las personas que viajaban en su automóvil y de las otras personas que se aproximaran a dicho sitio, y por lo tanto, no podemos declarar que la prueba no sostenga la sentencia condenatoria apelada.

En vista de la anterior conclusión, huelga considerar si se probó o no que el automóvil caminase a una velocidad no permitida por la ley, ni si el apelante entró en el cruce antes que el otro automóvil y que por esto debía confiar en que el otro detuviese su marcha.

*La sentencia apelada debe ser confirmada.*